FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ FEB 08 2012 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
UNITED STATES OF AMERICA,

          Plaintiff,

v.

JEFFREY MARC RABINOVICI,
STEVEN RABINOVICI, SHARON
RABINOVICI, and WASHINGTON
MUTUAL SAVINGS BANK,

          Defendants.
----------------------------------------------------------X

Civil Action No.: _____

**CV 12 0613**

**SUMMONS ISSUED**

HURLEY, J.
BOYLE, M.

## COMPLAINT

The United States, by its attorney, Loretta E. Lynch, United States Attorney for the Eastern District of New York, pursuant to the provisions of §7401 of the Internal Revenue Code of 1986 (26 U.S.C.), with the authorization of a delegate of the Secretary of the Treasury and at the direction of the Attorney General of the United States, brings this civil action to: (1) to declare that the United States has valid and subsisting liens of certain real property located in Montauk, New York, or in the alternative to declare that Jeffrey Rabinovici holds a record title interest such real property as a mere nominee of Taxpayers Steven Rabinovici and Sharon Rabinovici, and (2) to foreclose federal tax liens and judgment liens against such property. For its complaint, the United States alleges as follows:

    1.    Jurisdiction over the instant action is conferred upon the district court pursuant to 26 U.S.C. §7402 and 28 U.S.C. §§ 1340 and 1345.

    2.    Steven Rabinovici resides within the jurisdictional boundaries of this Court.

    3.    Sharon Rabinovici resides within the jurisdictional boundaries of this Court.

    4.    Jeffrey Marc Rabinovici is made a party to this action as he may claim an

3451605.1

interest in the subject real property against which the United States seeks to enforce its federal tax and judgment liens.

5. J.P. Morgan Chase Bank, successor in interest to Washington Mutual Savings Bank is made a party to this action as it may claim an interest in the subject real property against which the United States seeks to enforce its federal tax and judgment liens.

6. Steven Rabinovici and Sharon Rabinovici filed their federal income tax returns, but failed to fully pay their federal income taxes, and a delegate of the Secretary of the Treasury made assessments against Steven and Sharon Rabinovici for unpaid income tax, penalties and interest, as follows:

| Tax Year Ended | Assessment Date(s) | Assessments | | |
|---|---|---|---|---|
| | | Tax | Penalties & Interest (computed through 7/26/07) | Total |
| 12-31-1997 | 4-10-2000 7-2-2001 | $ 177,999.38 | $ 242,313.96 | $ 420,313.34 |
| 12-31-1999 | 3-4-2002 | $ 982.11 | $ 723.20 | $ 1,705.31 |
| 12-31-2000 | 12-2-2002 | $ 20,320.49 | $ 6,453.35 | $ 26,773.84 |
| Totals | | $ 199,301.98 | $ 249,490.51 | $ 448,792.49 |

7. After each assessment, a delegate of the Secretary of the Treasury of the United States of America gave notice of the assessment to and made demand for payment of each assessment upon Steven and Sharon Rabinovici.

8. Despite said notices of demand for payment, Steven and Sharon Rabinovici have failed, refused, or neglected to pay the amount of the assessments in full.

9. Pursuant to 26 U.S.C., §§6321 and 6322, federal tax liens arose and attached to all property and rights to property of Steven and Sharon Rabinovici as of the dates the tax liabilities described in ¶ 6, above, were assessed.

3451605.1

10. On August 23, 2007, the United States filed a complaint with this Court to reduce to judgment the assessed and unpaid federal income tax liabilities of Steven Rabinovici and Sharon Rabinovici.

11. On October 29, 2007, the Court entered a money judgment against Steven Rabinovici and Sharon Rabinovici in the amount of $455,398.53, with respect to assessments for federal income tax for years ended December 31, 1997, December 31, 1999, and December 31, 2000, plus interest from October 15, 2007.

12. On December 27, 2007 and January 11, 2008, the United States filed abstracts of judgment with the Suffolk County, located in Riverhead, New York and the Nassau county Clerk located in Mineola, New York, respectively.

13. Upon filing of the abstracts of judgment a federal judgment lien arose and attached to all real property of Steven and Sharon Rabinovici within the New York counties of Suffolk and Nassau.

14. On October 19, 2004, the United States filed a complaint against Steven Rabinovici to reduce to judgment an assessed and unpaid trust fund recovery penalty (pursuant to 26 U.S.C. §6672) of Steven Rabinovici.

15. The assessed trust fund recovery penalty arose when Intermountain Laboratories Company, Inc. (Intermountain), failed to withhold and pay over to the United States federal income and Federal Insurance Contribution (FICA) taxes accruing on compensation paid to the employees of Intermountain for employment tax periods ending December 31, 1991. On February 8, 1993, a delegate of the Secretary of the Treasury made an assessment against Steven Rabinovici for unpaid trust fund portion of the employment taxes of Intermountain, totaling $1,567,162.07. $1,481,123.12 of the original $1,567,162.07 assessment was abated, leaving an unpaid assessed balance of $86,038.95, plus statutory

additions thereto.

16. After the assessment, a delegate of the Secretary of the Treasury of the United States of America gave notice of the assessment to and made demand for payment of the assessment upon Steven Rabinovici.

17. Despite said notice of demand for payment, Steven Rabinovici has failed, refused, or neglected to pay the amount of the assessment in full.

18. Pursuant to 26 U.S.C., §§6321 and 6322, a federal tax lien arose and attached to all property and rights to property of Steven Rabinovici from the date of assessment of the trust fund recovery penalty described in ¶ 15, above.

19. On June 7, 2007, the Court, on consent of Steven Rabinovici, entered a money judgment against him in the amount of $178,511.00, with respect to trust fund recovery penalty assessment for the periods ending December 31, 1991, plus interest from June 7, 2007.

20. On July 31, 2007 and August 21, 2007, the United States filed abstracts of the judgment with the Clerks of Suffolk County and Nassau County, respectively.

21. Upon filing of the abstracts of judgment a federal judgment lien arose and attached to all real property of Steven Rabinovici within the New York counties of Suffolk and Nassau.

22. By deed dated March 4, 1996 (and recorded May 13, 1996 with the Clerk of Suffolk County, New York), record title to property located at 8 Glouchester Avenue, Montauk, New York 11954, was conveyed to Steven Rabinovici, custodian for Jeffrey Marc Rabinovici, under the New York Gifts to Minors Act. The real property located at 8 Glouchester Avenue is more particularly described as follows:

ALL that certain plot, piece or parcel of land, with the buildings and

improvements thereon erected, situate, lying and being at Montauk, Town of East Hampton, County of Suffolk and State of New York, known and designated as Lot No.6 on a certain map entitled "Map of Subdivision No. 7 Property of Montauk Beach Development Corp., Central Portion of West Lake Drive Residential Section" filed in the Suffolk County Clerk's Office on May 6, 1927 as Map No. 1017, more particularly bounded and described as follows:

BEGINNING at a point on the Northwesterly side of Gloucester Avenue distant 79.08 feet southwesterly from the southwesterly end of a curve which connects the northwesterly side of Gloucester Avenue with the Southwesterly side of West Lake Drive, said point also being 937.51 feet South and 260.79 feet East of U.S.C. & G. Triangulation Station Wyan;

RUNNING THENCE Southwesterly along northwesterly side of Gloucester Avenue along the arc of a curve bearing to the left having a radius of 504.65 feet and a length of109.01 feet to a point;

THENCE North 56 degrees 33 minutes 54 seconds West 176.17 feet to a point;

THENCE North 25 degrees 34 minutes 42 seconds East 162.06 feet to a point;

THENCE south 42 degrees 19 minutes 12 seconds East 211.00 feet to a point on the northwesterly side of Gloucester Avenue, the point or place of BEGINNING.

BEING AND INTENDED TO BE the same premises conveyed to the party of the first by deed from James Palumbo and Claudia Palumbo, Richard Cooke and Mary Ann Cooke and William J. Garthe dated June 15, 1987, and recorded in the Suffolk County Clerk's office September 3, 1987, in Liber 10410 cp 195.

23. The total purchase price for the property described in ¶ 22 was $195,000. Upon information and belief, the acquisition of the property described in ¶22 was funded by a mortgage loan from Chemical Bank (now JP Morgan Chase) in the amount of $150,000.00 and a cash deposit in the amount of $45,000.00 that came directly from Steven and Sharon Rabinovici.

24. On September 6, 2002, Steven Rabinovici and Jeffrey Marc Rabinovici obtained new mortgage financing from Washington Mutual Bank (now J.P. Morgan Chase Bank) in the amount of $269,750.00. Upon information and belief, approximately $150,000.00 of the mortgage proceeds were used to fully satisfy the mortgage lien held by Chemical Bank.

25. On February 11, 1997, Jeffrey Marc Rabinovici attained the age of majority under the Uniform Gifts to Minors Act, and now holds title to the real property described in ¶ 22, above, as a mere nominee of Taxpayers Steven and Sharon Rabinovici.

26. Pursuant to 28 U.S.C. §3011, the United States is entitled to recover a 10-percent surcharge to cover the costs of handling this litigation and enforcement of its judgment lien.

WHEREFORE, the UNITED STATES OF AMERICA prays that the Court:

A. Adjudge that the United States has valid and subsisting federal tax and judgment liens on all of Steven and Sharon Rabinovici's property and rights to property, including their interest in the real property described in ¶ 22, above;

B. Declare that the funds used in connection with the purchase of the house located at 8 Glouchester Avenue, Montauk, New York 11954, were subject to the lien securing the trust fund recovery penalty assessed against Steven Rabinovici on February 8, 1993 and, as a result of such use of those funds, said lien attached to the real property or in the alternative, Jeffrey Marc Rabinovici presently holds title to such property, by virtue of attaining the age of maturity, as a mere nominee of Steven and Sharon Rabinovici ;

C. Decree a sale of the real property described in ¶ 22, above, free and clear, and distribute the proceeds to the parties in accordance with their interests;

D. Enter judgment in favor of the United States and against Steven and Sharon

Rabinovici, in an amount equal to 10-percent of the proceeds of sale of the Montauk property, as a surcharge in accordance with 28 U.S.C. §3011; and

  E. Order such other and further relief as the Court deems just and proper.

            Respectfully submitted,

            JOHN A. DICICCO
            Principal Deputy Assistant Attorney General
            Tax Division

            *[signature]*

            BARTHOLOMEW CIRENZA (BC6415)
            Trial Attorney
            U.S. Dept. of Justice, Tax Division
            PO Box 55, Ben Franklin Station
            Washington, DC 22004
            Tel. No.: (202) 307-6503
            Fax: (202) 514-9649
            [Email: bartholomew.cirenza@usdoj.gov]

*Local counsel:*

Loretta E. Lynch, Esquire
United States Attorney, E.D.N.Y.